Day, C. J.
It is conceded that the defendants in error inherit the estate in controversy, unless its statutory descent is interrupted by the will of Delonzo Hoard, who died seized of the land. The •court below held that they inherited the estate, and rendered a judgment in their favor. The correctness of this' decision depends •upon the construction to be given to the will of the decedent, under whom all the parties claim title.
There is nothing appearing in the will, or the facts agreed upon in the case, that requires the application of any statutory or tech-' nical rule in construing the will, to modify the cardinal principle in the construction of a will, that it must be construed so as to carry •into effect the meaning and intent of the testator expressed in the instrument.
The will was not drawn with technical completeness, but the disposition that the testator intended to make of his estate is clearly discernible from the language he has employed in his testament.
It does not admit of doubt that he devised at least a life estate to his wife and daughter. It would seem to be just as clear that he intended, in case of the death of both his wife and daughter without issue, that, if David Campbell survived them, he should take the property, instead of his brothers and sisters, his present heirs at law. He certainly intended to prefer him over them. Whether hp •did so for a good reason, we do not know, nor is it material that we should, since such is his clearly declared will and purpose.
If he preferred Campbell to the defendants in error, much more •does his preference extend to the issue of his wife and daughter, ,1 since Campbell can take under the will only on default of such issue.
It is also very clear that the testator did not intend that Campbell •should have the property unless “both” his wife %nd daugh- [233 ter should die without leaving issue; for “then, and in that case” ■only, does he give it to him.
Although there are no words in the will expressly giving the estate to the issue of his wife and daughter, it is manifest he in *234 tended that their issue should have it after their decease. It would* seem that he regarded it as not to be doubted but that the property would pass to the children of his wife and daughter, if they died' leaving children. He was therefore careful only to direct what disposition should be made of his property in the event that both should die without leaving any heirs of their body.”
. It follows, by clear implication, that he intended to give the-property to the issue of his wife and daughter after their decease, if they left issue surviving them, to the exclusion of all other heirs, and of Campbell even, who is preferred in the will to them.
If the will be construed so as to give effect to the purpose of the-testator, it must defeat the inheritance claimed by the defendants-in error; for, if there were no surviving issue of the wife or daughter, Campbell would take under the provisions of the will; and if it be claimed that he is defeated by the surviving issue of the wife, much more was it the intent of the testator that such issue should* defeat the heirs.
Nor can effect be given to all the language of the will without-defeating the devise to Campbell; for “ both” the wife and daughter did not die without leaving issue. An heir of the body of one-of them survives.
To give the estate to such issue will do no violence to the language of the will, and will carry into effect the purpose of the testator, clearly implied from the language he has used in the instrument.
It is not necessary to determine what would be the effect of the-will in a state of facts different from those presented in this case, or how the estate in controversy will be affected by it, hereafter, on-the death of any of the parties interested therein.
It would seem that it was the plain intention of the testator, as-reflected by the language of the will, to provide, first of all, for his 234] widow and child during their lives, and then to secure *his-property after their decease to their issue, and in default of such issue, to substitute 'his own devisee for the statutory heirs.
To give effect to this construction of the will, we must hold that Carrie A. Brown, the surviving issue of the wife, is entitled to take-the property under the will, either as a remainder or an executory devise. Upon either construction of the will, as to the whole-estate, or upon one construction as to one-half of the estate, and- *235 4he other as to the other half, the result -will be the same in the present state of the facts — the same person will take the estate.
This result is not affected by the statute of this state■ limiting <entailmcnts, nor by artificial rules of construction that might be .applicable in a different state of facts.
It follows that the judgment of the common pleas must be rewersed.
The case was submitted to the court below on an agreed statement of facts, and is therefore a proper case for this court to pro-ceed in, under the provisions of the code, to render the judgment "that should have been rendered by that court. A judgment will therefore be entered here in favor of the guardian of Carrie A. Brown for the premises in dispute, and for costs against the defendants in error.
Scott, Welch, and White, JJ., concurred'. Brinkerhoee, J., dissented.